IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD ADES,
*Individually and on behalf of all others similarly situated*,

    *Plaintiff*,

v.

CAREFIRST, INC. et al.,

    *Defendants*.

Civil Action No. ELH-17-1557

**MEMORANDUM OPINION**

Plaintiff Richard Ades, individually and on behalf of all others similarly situated, has filed suit against defendants CareFirst, Inc. ("CareFirst") and Group Hospitalization and Medical Services, Inc. ("GHMS"), which is a subsidiary of CareFirst. ECF 2 (Complaint). He alleges, on behalf of himself and the putative class, that defendants breached their contract of insurance with him when they insufficiently reimbursed him for his son's orthodontic surgery. *Id.* ¶ 54.

Plaintiff filed his Complaint on April 18, 2017, in the Circuit Court for Baltimore City. *See* ECF 1 (Notice of Removal), ¶ 1. Defendants removed the case to this Court on June 6, 2017, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). ECF 1. Thereafter, defendants moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF 15. The motion is supported by a memorandum of law (ECF 15-1) (collectively, "Motion"), and ten exhibits.

In brief, defendants argue that CareFirst is not a proper party; that plaintiff fails to state a claim for breach of contract; and that this Court should decline jurisdiction under the doctrine of *Burford* abstention. *Id.*; *see Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). Plaintiff opposes the Motion (ECF 16), and his opposition is accompanied by a memorandum of law. ECF 16-1

(collectively, "Opposition"). Plaintiff has also submitted four exhibits. ECF 16-2 to ECF 16-5. Defendants replied (ECF 17, "Reply"), and submitted an additional exhibit. ECF 17-1.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

## I. Factual and Procedural Background[1]

Plaintiff alleges that he purchased a Preferred Provider Organization ("PPO") health insurance policy for himself and his family from GHMS. ECF 2, ¶¶ 8-9.[2] The "Definitions" section of the policy is attached to his Complaint. ECF 2-1 ("Policy"). Under the PPO plan, plaintiff could go either to a "Preferred Provider" or a "Non-Preferred Provider." ECF 2 ¶¶ 12-15. CareFirst has negotiated rates with Preferred Providers, but not with Non-Preferred Providers. *Id.* ¶¶ 16-17. According to plaintiff, if an insured uses a Non-Preferred Provider, CareFirst will pay the "Allowed Benefit." *Id.* 19. Quoting the Policy, plaintiff states that the "Allowed Benefit for a Covered Service is no less than the amount paid to a similarly licensed provider who is a Preferred Provider for the same Covered Service in the same geographic region." *Id.* ¶ 18. If the Non-Preferred Provider charges more than a Preferred Provider would, the insured pays the difference, known as the "Balance Bill." *Id.* ¶¶ 19-20.

On behalf of his son, O.A., then a minor, plaintiff sought an orthodontic surgeon "who was competent to deal with complex surgery related to sleep apnea." *Id.* ¶ 10. Plaintiff chose Dr. Jeffrey Posnick, a board certified maxillofacial plastic surgeon. *Id.* ¶ 26. Dr. Posnick was a Non-Preferred Provider, although the surgery itself was a "Covered Service." *Id.* ¶ 27. Plaintiff

---

[1] The factual allegations are derived from the Complaint. Based on the procedural posture of the case, I must assume the truth of the well pleaded factual allegations therein. *See*, *e.g.*, *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

[2] Plaintiff alleges that he purchased the Policy from GHMS (ECF 2, ¶ 8), but appears to allege that the Policy was fulfilled by CareFirst. *E.g., id.* ¶¶ 26, 54.

alleges that Dr. Posnick was assisted in the surgery by Dr. Adachi. *Id.* ¶ 30. Plaintiff paid for the surgery in advance. *Id.* ¶ 27.

Plaintiff subsequently sought reimbursement of the Allowed Benefit. ECF 2, ¶ 27. According to the Complaint, the total Allowed Benefit for the surgery was $10,079.60. *Id.* ¶ 30. However, he alleges that "CareFirst did not reimburse Mr. Ades consistent with the terms of the Policy." *Id.* ¶¶ 32, 33. In particular, plaintiff alleges that CareFirst only reimbursed him for a percentage for the Allowed Benefit, totaling $5,398.54. *Id.* ¶¶ 34-37. This reduced reimbursement rate was based on a "Provider Manual," which plaintiff contends was not incorporated into the Policy with CareFirst. *Id.* ¶ 35.

Plaintiff acknowledges that some of the $4,681.06 difference between the total alleged Allowed Benefit and the reimbursed amount was permissible, due to higher deductibles and co-insurance associated with Non-Preferred Providers. *Id.* ¶ 38. Nevertheless, plaintiff avers that CareFirst reimbursed him $1,935.35 less than it should have. *Id.* Thus, plaintiff claims that defendants "breached the contract by reimbursing Mr. Ades . . . at rates lower than contracted for, and causing Mr. Ades . . . to pay more than the Balance Bill." *Id.* ¶ 54.

This suit followed. As noted, plaintiff brings this suit as a class action. *Id.* ¶ 40. He avers that his claim is typical of the class. *Id.* ¶ 42. Further, he claims that the class comprises "[a]ll persons nationwide who purchased a policy from Defendants within the last three years and who received medical care from a Non-Preferred Provider for a Covered Service, and who were reimbursed by Defendants pursuant to the terms of the Provider Manual and not the terms of the Policy." *Id.* at 8. Plaintiff asserts a number of issues of law and fact common to the class members, the most important of which is the claim that defendants are in breach of the Policy. *Id.* ¶ 45. Plaintiff has not sought conditional certification of the class. *See* Docket.

## II. Legal Standards

Defendants assert that they are challenging plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6), for failure to state a claim.

### A. Rule 12(b)(1)

Fed. R. Civ. P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 628 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted) (alteration in original); *see also Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 736 (D. Md. 2001).

In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *accord Clear Channel Outdoor, Inc. v. Mayor & City Council of Baltimore*, 22 F. Supp. 3d 519, 524 (D. Md. 2014). In a factual challenge, on the other hand, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370

F.3d 392, 398 (4th Cir. 2004); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

Defendants attached several exhibits to their Motion, which largely concern an administrative proceeding initiated by plaintiff before the Maryland Insurance Administration ("MIA"). ECF 15-3 to ECF 15-10. The proceeding was apparently later cancelled prior to a rehearing, and the administrative complaint was withdrawn. *See* ECF 15-10. Defendants assert in a footnote that the Court "may consider factual matters outside of Plaintiff's complaint for purposes of determining this Court's jurisdiction," referring to the MIA documents. ECF 15-1 at 10 n.3. However, there is no contention that this Court *lacks* subject matter jurisdiction over the case. Indeed, it was defendants who asserted subject matter jurisdiction under CAFA when they removed it from the State court. ECF 1, ¶ 9. Defendants only suggest that that the Court should "exercise its discretion and abstain" from jurisdiction. ECF 15-1 at 13; *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 718 (1996). Because there is no genuine challenge to the existence of subject matter jurisdiction, I need not consider these matters outside the Complaint.

### B. Rule 12(b)(6)

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ____, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Goines*, 822 F.3d at 166 (citations omitted); *see also U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167 (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998)). "When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id*.

Defendants have attached the "Definitions" section of the Policy to the Motion, which plaintiff also attached to his Complaint. ECF 2-1; ECF 15-2. "Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d at 448). I consider this exhibit to be incorporated into the Complaint. *See Goines*, 822 F.3d at 167. Therefore, I shall consider it.

As noted, plaintiff has attached additional excerpts of the Policy to his Opposition. ECF 16-2; ECF 16-3; ECF 16-4. Plaintiff also attached a transcript excerpt from an administrative hearing to his Opposition (ECF 16-5), and defendants have attached a transcript excerpt to their Reply. ECF 17-1. I consider these exhibits to be submitted as evidence, rather than as documents foundational to the Complaint. As such, they are inappropriate to consider as part of a motion to dismiss. *See Zak*, 780 F.3d at 606 ("Consideration of extrinsic documents by a court

during the pleading stage of litigation improperly converts the motion to dismiss into a motion for summary judgment.").

### III. Discussion

As indicated, defendants CareFirst and GHMS have moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF 15-1. Defendants raise three arguments. First, they assert that plaintiff has failed to plead a cause of action against CareFirst. *Id.* at 7-8. Second, they contend that plaintiff has failed to state a claim for breach of contract. *Id.* at 8-10. Third, defendants argue that this Court should decline jurisdiction over the case under the doctrine of *Burford* abstention. *Id.* at 10-13; *see Burford*, 319 U.S. at 328. At this stage of litigation, all of these arguments must fail.

### A. CareFirst

Defendants' assertion that plaintiff has not pleaded a cause of action against CareFirst is based on defendants' assumption that, because GHMS is a subsidiary of CareFirst, plaintiff would have to "pierce the corporate veil" in order to recover from CareFirst. ECF 15 at 7. Defendants assert that "Plaintiff has made no allegation against CareFirst other than that it is the corporate parent of [GHMS]." *Id.* at 8. This is not true. Plaintiff makes substantial allegations against CareFirst. Most significantly, plaintiff alleges that "CareFirst did not reimburse Mr. Ades consistent with the terms of the Policy, *i.e.* the contract he has with CareFirst." ECF 2, ¶ 33.

In his Opposition, plaintiff asserts that he "believed at all times that he had purchased a policy from 'CareFirst.'" ECF 16-1 at 10. In support of this, he observes that the Policy itself purports to be issued by CareFirst. *Id.*; *see* ECF 2-1 at 2-3. Plaintiff has alleged that CareFirst is bound under the Policy (*see* ECF 2, ¶ 18), and that it breached this contract. *See id.* ¶ 33.

Notably, the first page of the Policy states that "CareFirst agrees to the Agreement when it is issued to the Subscriber." ECF 2-1 at 3.

Ultimately, it may be determined, as a matter of law, that CareFirst is not in fact in contractual privity with plaintiff, and that therefore plaintiff cannot sustain a claim for breach of contract against it. However, at this stage, I must accept all allegations in the Complaint as true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d at 440. Plaintiff has stated a plausible claim against CareFirst for purposes of Fed. R. Civ. P. 8(a)(2).

### B. Failure to State a Claim

Defendants contend that plaintiff has failed to state a claim for breach of contract, because the Policy itself, which gives rise to plaintiff's claims, contradicts his allegations. ECF 15-1 at 8-9. To state a claim for breach of contract in Maryland, a plaintiff must allege a contractual obligation owed by the defendants, and a breach of that obligation. *See RRC Northeast, LLC v. BAA Maryland, Inc.*, 413 Md. 638, 655, 994 A.2d 430, 440 (2010).

Defendants do not maintain that they had no contract with plaintiff. Rather, defendants assert that, according to the Policy, the Allowed Benefit for a Covered Service is "no less than the amount paid to a similarly licensed provider who is a Preferred Provider for the same Covered Service in the same geographic area." *Id.* at 9. Plaintiff does not disagree. *See* ECF 2, ¶ 30. Defendants then argue that plaintiff was properly reimbursed, because he was reimbursed "pursuant to [defendants'] negotiated rates with Preferred Providers . . . , which is exactly the way the Policy says the calculation will be made." ECF 15-1 at 9. Defendants further insist that plaintiff's claim fails because he did not specifically allege that the Allowed Benefit, as reimbursed to plaintiff, violated any term of the Policy. *Id.*

Plaintiff disputes this assertion. He contends that "the 'Allowed Benefit' amount is not equal to 'negotiated rates with Preferred Providers,' but is an amount of money ascribed in good faith to each Current Procedural Terminology (hereinafter 'CPT') Code billed and based upon several competing factors." In plaintiff's Complaint, "CPT Codes" are alleged to correspond to certain medical services, which insurance companies then pay for at a predetermined rate. *See* ECF 2, ¶¶ 21-25. Defendants maintain that the Allowed Benefit is not derived from the sum of the CPT codes, but rather from negotiations with Preferred Providers. ECF 15-1 at 8-9.

Essentially, defendants assert that plaintiff was reimbursed the full Allowed Benefit, because the Allowed Benefit is what CareFirst would pay to a Preferred Provider. *Id.* Plaintiff contends that he was paid less than the Allowed Benefit because, according to the Complaint, defendants took the Allowed Benefit and *further reduced it*, in contravention of the Policy. ECF 2 at 30-32. Put another way, plaintiff insists that the Allowed Benefit is the total *prior* to the reductions, and defendants insist that the Allowed Benefit is what is left *after* the reductions.

The excerpt of the Policy attached to the Complaint does not appear to resolve this disagreement. As defendants point out, the Allowed Benefit for a Covered Service rendered by a Non-Preferred Provider "is no less than the amount paid to a similarly licensed provider who is a Preferred Provider for the same Covered Service in the same geographic region." ECF 2-1 at 6. However, simply because the Allowed Benefit is "no less" does not mean it is no more. Put another way, the term "Allowed Benefit" is not defined in the Policy to be *the same as* what a Preferred Provider would be paid—nothing in the definition suggests that the Allowed Benefit could not be larger than what a Preferred Provider would accept. Accordingly, this definition cannot foreclose plaintiff's interpretation.

Plaintiff alleged in his Complaint that the Allowed Benefit was impermissibly reduced. ECF 2, ¶¶ 35-38. Of course, he may be wrong. It is entirely possible that defendants' assertions as to the proper meaning and function of the Allowed Benefit are correct. However, at this stage, I must accept the allegations of the Complaint as true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d at 440. On this basis, plaintiff has stated a claim for breach of contract.

### C. Abstention

Defendants urge this Court to abstain from jurisdiction and dismiss the case, asserting that it would be better adjudicated by the MIA. ECF 15-1 at 10-13. In support of this argument, they contend that "Plaintiff's real aim in filing this litigation was to avoid a finding by the MIA . . . that GHMS[] did nothing wrong in calculating reimbursement rates under Plaintiff's Policy." *Id.* at 12. Defendants recite what they assert to be the administrative history of plaintiff's claim, culminating in plaintiff's withdrawal of his complaint before the MIA. *Id.* at 11-12.

Despite noting that the case before the MIA is closed, defendants ask this Court to "require Plaintiff to complete his administrative litigation which he initiated before the MIA." *Id.* at 13. They cite to *Burford v. Sun Oil Co.*, 319 U.S. 315, 328 (1943), for the proposition that this Court may abstain from jurisdiction where "the exercise of federal review of the question in a case would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." In fact, this quotation comes from *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976), not from *Burford*, as defendants state. In any event, the doctrine is inapplicable.

Pursuant to *Burford*, a federal court may, in its discretion, use its equitable powers to abstain from consideration of cases over which it has jurisdiction in order to show "'proper regard for the rightful independence of state governments in carrying out their domestic policy.'" *Burford*, 319 U.S. at 318 (citation omitted). In this case, however, no such independence is at stake because, as defendants freely admit, *there is no pending state proceeding*. *C.f. Young v. Ditech Fin., LLC*, PX 16-3986, 2017 WL 3066198, at *4 (D. Md. July 19, 2017) (abstention inappropriate where there is no ongoing state judicial proceeding from which the court could abstain). Defendants' stated preference for a proceeding before the MIA carries no legal weight.

Moreover, and as plaintiff points out (ECF 16-1 at 17-18), even if there were an ongoing proceeding before the MIA, plaintiff's administrative remedy "is neither exclusive nor primary. The Maryland common law contract remedy is fully concurrent, and may be pursued in court without exhausting the administrative remedy . . . ." *Mardirossian v. Paul Revere Life Ins. Co.*, 376 Md. 640, 649, 831 A.2d 60, 65 (2003) (citation omitted); *see also Hartz v. Liberty Mut. Ins. Co.*, 269 F.3d 474, 475-76 (4th Cir. 2001) (distinguishing MIA proceeding from breach of contract action).

In addition, the Supreme Court's decision in *Quackenbush v. Allstate Ins. Co.*, 517 U.S. at 730, dictates that this Court must decline abstention as to all counts concerning claims at law. "A federal court cannot, under *Burford*, dismiss or remand an action when the relief sought is not discretionary." *Id.*; *see also MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 276 n.3 (4th Cir. 2008). Rather, abstention would be available only as to claims for relief that are equitable in nature. *I-77 Properties, LLC v. Fairfield Cnty.*, 288 F. App'x 108, 110 (4th Cir. 2008). Because plaintiff seeks only damages and not equitable relief (*see* ECF 2, ¶ 57), *Burford* abstention does not apply. Accordingly, I shall retain jurisdiction over the case.

## IV. Conclusion

For the reasons stated above, I shall DENY defendants' Motion. An Order follows, consistent with this Memorandum Opinion.

Date: February 2, 2018

/s/
Ellen Lipton Hollander
United States District Judge